The document below is hereby signed.

Signed: May 3, 2018



S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

In re                                    )
                                         )
STUART MILLS DAVENPORT,                  )    Case No. 15-00540
                                         )    (Chapter 13)
                      Debtor.            )
_____          )
                                         )
STUART MILLS DAVENPORT,                  )
                                         )
                      Plaintiff,         )
                                         )
            v.                           )    Adversary Proceeding No.
                                         )    18-10003
BABAK DJOURABCHI and MONICA              )
WELT,                                    )    Not for publication in
                                         )    West's Bankruptcy Reporter.
                      Defendants.        )

<u>MEMORANDUM DECISION RE MOTION TO DISMISS</u>

Pursuant to the court's oral decision of April 3, 2018, the
defendants' motion to dismiss will be granted in part.  Count I
will survive as it is not barred by the dismissal of the
plaintiff's prior civil action in the District Court.  *See*
*Apotex, Inc. v. FDA*, 393 F.3d 210, 218 (D.C. Cir. 2004) ("Res
judicata does not bar parties from bringing claims based on

material facts that were not in existence when they brought the original suit.").

The decision upon which the defendant relies, *Coleman v. Potomac Electric Power Co.*, 310 F. Supp. 2d 154, 161 (D.D.C. 2004), *aff'd*, 2004 WL 2348144 (D.C. Cir. Oct. 19, 2004), is distinguishable because here, in contrast to *Coleman*, the plaintiff is relying in Count I upon facts that did not arise until after he filed his original complaint in his prior action in the District Court.  In *Coleman*, the plaintiff, Coleman, alleged in his first civil action a wrongful discharge claim by the defendant, his employer, under the Family Medical Leave Act ("FMLA"). Before he filed his complaint, the EEOC issued a Title VII right-to-sue letter regarding the same employer misconduct, and five days after he filed his complaint, Coleman received that Title VII right-to-sue letter.  The defendant filed a motion to dismiss that was not fully briefed until more than two months later.  Coleman took no steps to amend his complaint to assert a Title VII claim before the motion to dismiss was fully briefed, while it was pending, or after the District Court granted the motion to dismiss.  He later filed a second action asserting a Title VII claim based on his employer having discharged him.  The FMLA claim in the first action and the Title VII claim in the second action grew out of the same nucleus of facts, the

defendant's having discharged Coleman from employment.  The District Court held that, in the first action, Coleman had time to amend his complaint to rely on Title VII with respect to the discharge that occurred before he filed his complaint, and that, therefore, res judicata barred his second action.  The pertinent nucleus of facts was the discharge from employment, not Coleman's receipt of the right-to-sue letter, only days into the civil action, informing him that shortly prior to his filing his complaint there was no longer an impediment to suing under Title VII.

Here, the pertinent nucleus of facts for Count I are the defendants failure to release the *Deed of Trust* within 30 days after the plaintiff's demand letter sent on February 6, 2017, made upon an alleged payment of the *Note* by the chapter 13 trustee on January 31, 2017.  The complaint in the district court action was filed on December 15, 2016.  Accordingly, the pertinent nucleus of facts were not in existence at the time the plaintiff filed his first action in the District Court.

An order follows.

[Signed and dated above.]

Copies to: All counsel of record; Chapter 13 Trustee.

3