The document below is hereby signed.

Signed: September 28, 2018



_S. Martin Teel, Jr._
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| In re | ) | |
| | ) | |
| STUART MILLS DAVENPORT, | ) | Case No. 15-00540 |
| | ) | (Chapter 13) |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| STUART MILLS DAVENPORT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary Proceeding No. |
| | ) | 18-10003 |
| BABAK DJOURABCHI and MONICA | ) | |
| WELT, | ) | Not for publication in |
| | ) | West's Bankruptcy Reporter. |
| Defendants. | ) | |

MEMORANDUM DECISION AND ORDER GRANTING IN
PART AND DENYING IN PART MOTION TO RECONSIDER ORDER
<u>DISMISSING COUNTS II AND III OF THE ADVERSARY COMPLAINT</u>

The debtor/plaintiff, Stuart Mills Davenport, has filed *Plaintiff-Debtor's Motion to Reconsider Order Dismissing Counts II & III of the Adversary Proceeding* ("*Motion to Reconsider*") (Dkt. No. 31) seeking to have Counts II and III of the complaint reinstated in light of the District Court's granting Davenport's

motion to reconsider the dismissal of his District Court action. For the following reasons, Count II will be reinstated and Count III will be reinstated in part.

I

The relevant facts are that Davenport entered into a financial relationship with Babak Djourabchi and Monica Welt and executed a *Promissory Note for Business and Commercial Purposes* ("*Note*") for a loan of $80,000 and secured by a *Deed of Trust* on property located at 1700 1st Street NW, Washington D.C. 20001 ("Proptery") on September 21, 2006.  Sometime in 2015, Djourabchi and Welt initiated a foreclosure sale on the Property and Davenport filed a voluntary petition under chapter 13 on October 14, 2015, Case No. 15-00540.  Djourabchi and Welt filed a proof of claim asserting a claim of $121,813.88.  Davenport objected to the proof of claim.  This court found that Djourabchi and Welt had an allowed claim of $80,000.

Davenport informed the Chapter 13 Trustee that he wanted to pay off the claim in full.  The Trustee provided Davenport with an amount that would pay off the claim.  Davenport made the lump payment given him by the Trustee and the Trustee disbursed that amount to Djourabchi and Welt.  Davenport sought to have the *Deed of Trust* released, but Djourabchi and Welt refused to release the *Deed of Trust* asserting that the *Note* had not been paid in full.

Davenport filed suit in the District Court against Djourabchi and Welt on December 15, 2016, and filed an Amended Complaint on February 23, 2017, alleging several state law claims and seeking damages for wrongful foreclosure and a declaratory judgment that the *Note* had been paid in full.  Djourabchi and Welt filed a motion to dismiss.  The District Court granted Djourabchi and Welt's motion to dismiss on November 1, 2017, finding that Davenport's claims were res judicata because they should have been raised in his objection to Djourabchi and Welt's proof of claim.

Davenport filed a complaint initiating this Adversary Proceeding on January 26, 2018.  Under Count I, Davenport sought to have the *Deed of Trust* extinguished pursuant to D.C. Code § 42-818.02 and the *Deed of Trust* released upon extinguishment. Under Count II, Davenport sought a declaratory judgment that the *Note* and *Deed of Trust* had been extinguished by a lump sum payment Davenport made on May 27, 2015.  Finally, under Count III, Davenport sought to have Djourabchi and Welt barred from seeking attorney's fees in the District Court and the Bankruptcy Court.  Djourabchi and Welt filed a motion to dismiss asserting that the claims in the complaint were barred by res judicata because the District Court action had been dismissed.  This court found that Count I was not barred by res judicata, as it did not

3

involve the same nucleus of facts as the claims asserted in the District Court. The court did find, however, that Count II was barred by res judicata because of the District Court's final judgment dismissing that case. The court also found that Count III should be dismissed because Djourabchi and Welt were not required to file attorney's fees as a counterclaim until after their motion to dismiss had been disposed of, and the time to seek attorney's fees as a prevailing party didn't expire until there was a final and appealable judgment.

Davenport filed in the District Court a motion to reconsider its order dismissing Davenport's District Court case. The District Court granted that motion to reconsider on June 11, 2018. Davenport then filed his *Motion to Reconsider* in this case seeking to have Counts II and III reinstated.

II

This court has authority to review its order under Fed. R. Civ. P. 54(b), made applicable by Fed. R. Bankr. P. 7054. The court's order was not a final order under Rule 54(b) because it "adjudicate[d] fewer than all the claims" in the complaint, and therefore "may be revised at any time before the entry of a judgment adjudicating all the claims."

III

Count II was dismissed as res judicata because it was a claim that arose from the same nucleus of facts as the claims in the District Court action. The District Court has granted Davenport's motion for reconsideration and there is no longer a final and appealable judgment making Count II res judicata. Djourabchi and Welt contend that because the District Court is considering their renewed motion to dismiss, which may be granted, it would be premature to grant the debtor's motion to reinstate. However, the fact that a claim may become res judicata is not a basis for dismissal, and therefore, would not be a basis to not reinstate the claim. Accordingly, the court will grant Davenport's motion to reinstate Count II.

IV

Count III was dismissed because Djourabchi and Welt were not required to file attorney's fees as a counterclaim until after their motion to dismiss had been disposed of, and the time to seek attorney's fees as a prevailing party didn't expire until there was a final and appealable judgment. Both those conditions remain unchanged. Djourabchi and Welt have renewed their motion to dismiss in the District Court, and again, Djourabchi and Welt are not required to seek attorney's fees by way of counterclaim until the District Court disposes of their motion to dismiss,

thereby requiring them to file an answer. Furthermore, there is not a final and appealable judgment, meaning, the issue of whether Djourabchi and Welt could seek attorney's fees as prevailing parties is not ripe because the case is still pending.

Davenport contends that Count III extends further than to Djourabchi and Welt's seeking attorney's fees in the District Court, and goes toward their seeking postpetition attorney's fees here in the Bankruptcy Court. This argument is supported by the complaint, and Count III, to the extent that it deals with Djourabchi and Welt seeking postpetition attorney's fees in the Bankruptcy Court will be reinstated.

V

For the foregoing reasons, it is

ORDERED that Davenport's *Motion to Reconsider* (Dkt. No. 31) is GRANTED IN PART and DENIED IN PART. It is further

ORDERED that Counts II and III, insofar as Count III relates to Davenport's claim that Djourabchi and Welt are barred from seeking postpetition attorney's fees in the Bankruptcy Court, are reinstated.

[Signed and dated above.]

Copies to: All counsel of record; Chapter 13 Trustee.